IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EARNEST CARL WILSON, ID # 1048823, )
        Petitioner, )
vs. )     No. 3:04-CV-0933-R
)
DOUGLAS DRETKE, Director, )
Texas Department of Criminal )
Justice, Correctional Institutions Division, )
        Respondent. )

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for aggravated assault with a deadly weapon in Cause No. F00-51376-HR. Respondent is Douglas Dretke, Director of TDCJ-CID.

**B. Procedural and Factual History**

On June 21, 2001, petitioner pled guilty to a charged aggravated assault in Dallas County, Texas. (*See* Pet. for Writ of Habeas Corpus (Pet.) at 2.) On July 17, 2002, the court of appeals affirmed his conviction. *See Wilson v. State*, No. 05-01-01152-CR, 2002 WL 1565455, at *1 (Tex. App. – Dallas July 17, 2002, no pet.). On August 2, 2002, petitioner filed a motion for rehearing.

*See Wilson v. State*, No. 05-01-001152-CR, http://www.courtstuff.com/FILES/05/01/05011152.HTM (docket sheet information generated Oct. 27, 2005) (Official internet site of the Fifth Court of Appeals of Texas at Dallas) (hereinafter referred to as State Docket Sheet).[1] On August 22, 2002, the court of appeals informed petitioner that his motion for rehearing remained pending. (*See* Letter from Lisa Matz, Clerk, to Petitioner (Aug. 22, 2002) (attached as Ex. B to Pet. for Stay).) On August 26, 2002, the court of appeals denied petitioner's motion for rehearing. *See* State Docket Sheet. Petitioner filed no petition for discretionary review (PDR). *See id.* On December 4, 2002, the court of appeals issued its mandate. *Id.*

In letters to the court of appeals dated December 11, 2002, and received on December 16, 2002, petitioner expressed surprise that the court issued mandate before he received notification of a ruling on his motion for rehearing and further expressed his desire that the court designate his appellate records for retention. (*See* Letters from Petitioner to Lisa Matz, Clerk, (Dec. 11, 2002) (attached as part of Ex. D to Pet. for Stay).) On December 12, 2002, petitioner mailed a motion to designate retention of records to the court of appeals. (*See* Mot. Designate Retention of Records, attached as part of Ex. D to Pet. for Stay.) He also filed a motion for extension of time to file his PDR to the Texas Court of Criminal Appeals in which he explained that he had not received notice of the ruling on his motion for rehearing. (*See* Mot. Extension Time, attached as Ex. E to Pet. for Stay.)

On December 17, 2002, the court of appeals, after noting that it had denied petitioner's motion for rehearing on August 26, 2002, and issued its mandate on December 4, 2002, dismissed

---

[1] Petitioner attaches an earlier version of this docket sheet to his petition for stay as Exhibit A. Because the attached copy was generated September 5, 2003, the Court cites to the more current version.

the motion to designate retention of records for want of jurisdiction. (*See* Order, attached as Ex. F to Pet. for Stay.) On December 23, 2002, the Texas Court of Criminal Appeals denied petitioner's motion for extension of time to file a PDR. (*See* Official Notice from Court of Criminal Appeals, attached as Ex. C to Pet. for Stay.) On January 3, 2003, the court of appeals responded to one of the letters received December 16, 2002, and again informed petitioner that the court had denied his motion for rehearing on August 26, 2002. (*See* Letter from Lisa Matz, Clerk, to Petitioner (Jan. 3, 2003) (attached as Ex. G to Pet. for Stay).)

On January 4, 2003, petitioner mailed a "Motion to Reconsider Extension of Time to File Petitioner's Petition for Discretionary Review" to the Texas Court of Criminal Appeals. (*See* Mot. Reconsider Extension, attached as Attachment 1 to Reply.) By letter dated February 6, 2003, the Texas Court of Criminal Appeals notified petitioner that his extension of time was denied on December 23, 2002. (*See* Letter from Troy C. Bennett, Jr., Clerk, to Petitioner (Feb. 6, 2003) (attached as Attachment 2 to Reply).)

On September 11, 2003,[2] petitioner filed a state application for writ of habeas corpus. *See* S.H. Tr.[3] at 2. On February 25, 2004, the Texas Court of Criminal Appeals denied that application. *Ex parte Wilson*, No. 57,866-01, slip op. at 1 (Tex. Crim. App. Feb. 25, 2004).

On March 19, 2004, the Texas Court of Criminal Appeals received a "Motion for Reconsideration (On the Court's Own Motion) of the Refusal to Grant Relief in Application for Writ of

---

[2] Petitioner indicates that he filed his state application on September 5, 2003, the date that he deposited it in the prison mail system. (*See* Pet. at 3; Brief Supp. at 3.) However, the Fifth Circuit Court of Appeals has specifically "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The Court thus uses the date of receipt as the date of filing.

[3] "S.H. Tr." refers to the state habeas record attached to *Ex parte Wilson*, No. 57,866-01, slip op. (Tex. Crim. App. Feb. 25, 2004).

3

Habeas Corpus" that it placed in the writ file but took no other action.[4] By letter dated March 22, 2004, petitioner inquired about the status of the motion for reconsideration, (*see* Letter from Petitioner to Troy C. Bennett, Jr., Clerk, (Mar. 22, 2004) (attached as Attachment 5 to Reply)), and the court informed him that it had denied his state application on February 25, 2004, (*see* Letter from Troy C. Bennett, Jr., Clerk, to Petitioner (Mar. 31, 2004) (attached as Attachment 6 to Reply)). By letter dated April 5, 2004, petitioner again inquired about the status of the motion for reconsideration. (*See* Letter from Petitioner to Troy C. Bennett, Jr., Clerk, (Apr. 5, 2004) (attached as Attachment 7 to Reply).) By letter dated April 7, 2004, petitioner further inquired about the status of the motion for reconsideration and resubmitted a copy of the motion. (*See* Letter from Petitioner to Troy C. Bennett, Jr., Clerk, (Apr. 7, 2004) (attached as Attachment 8 to Reply).) One of those letters prompted a response which again informed petitioner that his state application had been denied on February 25, 2004. (*See* Letter from Troy C. Bennett, Jr., Clerk, to Petitioner (Apr. 9, 2004) (attached as Attachment 9 to Reply).)

Petitioner filed the instant federal petition on April 26, 2004, when he placed it in the prison mailing system. (Pet. at 9); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prison mailbox rule applies to prisoner filings in federal court). He claims that he is being held unlawfully because

    1.    the prosecutor used and failed to correct known false evidence at trial;

    2.    trial counsel rendered ineffective assistance by failing to

---

[4] The State provided a copy of this motion with notations by personnel of the Texas Court of Criminal Appeals. Petitioner has provided two letters dated March 5, 2004, which show that he mailed copies of such motion to the Texas Court of Criminal Appeals and the court of appeals. (*See* Attachments 3 and 4 to Reply.)

4

       a. object and correct presentence report;

       b. object to prosecutor opening the door to extraneous offenses and bad acts;

       c. object to false allegations that petitioner was convicted of prior possession of controlled substance and similar assault;

       d. object to the prosecutor's bolstering of witnesses;

       e. timely request notice of the State's intent to introduce evidence of petitioner's extraneous offenses and bad acts; and

       f. invoke rule which allowed witnesses to hear testimony;

3. ineffective assistance of counsel and a promise that he would receive deferred adjudication probation rendered his plea involuntary; and

4. appellate counsel had a conflict of interest.

(Pet. at 7-8A; Brief Supp. at 2-49.)

    Contemporaneously with his federal petition, petitioner filed a "Petition for Stay of Federal Habeas Corpus for Reason Unrelated to the Merits of the Claims" wherein he requests a ninety-day stay of this action so that he may file an amended or new § 2254 petition with brief in support. (Pet. for Stay at 9.) Alternatively, he requests that the Court dismiss his current § 2254 petition so that he may file a "thorough supportive brief." (*Id.*) Within the petition for stay, petitioner also explains why the Court should not consider his § 2254 petition untimely. (*Id.* at 2-9.) On June 30, 2004, the Court received a fifty-page brief in support of petitioner's § 2254 petition and an inch-thick appendix to such petition. (*See* Brief Supp. at 1-50; App. A.)

    On July 2, 2004, respondent filed a preliminary response wherein he argues that the instant action is barred by the federal statute of limitations. (*See* Prelim. Resp. at 1-9.) On July 21, 2004,

5

the Court received petitioner's reply to that response. (*See* Reply at 1.) Petitioner has also filed two motions for leave to file motions related to summary judgment (docs. 15 and 17) and a request for hearing on such motions (doc. 18).

## II.  PENDING MOTIONS/MATTERS

Petitioner has filed two motions related to obtaining leave to file a motion for summary judgment or partial summary judgment and a request for hearing on such motions. However, a petitioner in a habeas action may not properly pursue a motion for summary judgment. The Rules Governing Section 2254 Cases in the United States District Courts do not contemplate such a motion. Although Rule 11 of those rules permits the Court to apply the Federal Rules of Civil Procedure when appropriate, the Court deems it inappropriate for petitioner to pursue a motion for summary judgment under Fed. R. Civ. P. 56. Consequently, the Court denies the motions for leave to file a motion for summary judgment or partial summary judgment.[5] Because a hearing is unnecessary on such motions, the Court denies the request for hearing.

With regard to the petition for stay, the Court deems it moot because petitioner has filed a thorough brief in support of his § 2254 petition.

## III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

---

[5] The Court has nevertheless examined the proposed filings and they do not impact the findings or recommendation set forth herein.

6

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner does not rely upon subparagraphs (C) or (D) for finding his § 2254 petition timely.[6] (*See* Pet. for Stay at 1-9; Reply at 1-10.) Instead, petitioner argues that the period of limitations would commence when his conviction became final, except for a State-created impediment caused by the failure of the State to timely notify him of the denial of his motion for rehearing. (Pet. for Stay at 2-3; Reply at 1-3.) Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from (A) the date petitioner's conviction became final unless an impediment under (B) provides a later commencement date.

## A. Impediment

Petitioner alleges a State-created impediment under subparagraph (B) that prevented him from filing his petition for discretionary review in state court. (*See* Pet. for Stay at 2-3; Reply at 1-3.)

---

[6] The Court notes, furthermore, that petitioner would have known the factual basis for all of his claims prior to his judgment of conviction becoming final. Although the alleged conflict of appellate counsel could potentially have had a later discovered factual predicate, petitioner clearly knew about the alleged conflict when he appealed. *See Wilson v. State*, No. 05-01-01152-CR, 2002 WL 1565455, at *7 (Tex. App. – Dallas July 17, 2002, no pet.).

7

Specifically, he claims that the State failed to timely provide him a copy of the court of appeals decision that denied his request for rehearing,[7] and that such failure denied him the opportunity to timely file a PDR. (Pet. for Stay at 2; Reply at 2-3.) He argues that this failure constitutes an impediment that prevented him from filing his petition for discretionary review. (Pet. for Stay at 4; Reply at 2-3.)

Petitioner misconstrues the applicability of 28 U.S.C. § 2244(d)(1)(B). Subparagraph (B) does not concern alleged impediments to filing a petition for discretionary review under Texas law. Rather, the subparagraph addresses State-created impediments to filing "an application" and the statute clearly identifies the relevant application as being "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The impediment must thus prevent the filing of his federal application. *Davis v. Dretke*, No. 4:05-CV-398-Y, 2005 WL 2693002, at *2 (N.D. Tex. Oct. 19, 2005) (accepting recommendation of United States magistrate judge); *Green v. Dretke*, No. 3:03-CV-1424-K, 2004 WL 1844589 at *2 (N.D. Tex. Aug. 17, 2004) (findings, conclusions, and recommendation), *accepted by* unpub. order (N.D. Tex. Oct. 7, 2004).

Furthermore, although petitioner attempts to invoke § 2244(d)(1)(B), he has shown no impediment that falls within the purview of that subparagraph. To satisfy this subparagraph, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in

---

[7] He claims that he did not learn of the denial of his motion for rehearing until December 17, 2002, 113 days after the court denied the request on August 26, 2002. (*See* Pet. for Stay at 2.) Neither party sheds any light on what may have caused the delayed notice to petitioner. Respondent neither challenges the delayed notice nor concedes any delay. (*See* Prelim. Resp. at 1-9.) He instead argues that, even taking the alleged delayed notice "at face value", the instant action is untimely. (*Id.* at 8-9.) For purposes of these findings, the Court will assume without deciding that petitioner can show that he did not learn of the denial until December 17, 2002.

violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Although this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). That petitioner received notice about the denial of his request for rehearing well after his PDR was due did not prevent him from timely filing the instant federal petition. Consequently, the Court finds no State-created impediment that prevented petitioner from timely filing the instant action. Therefore, the one-year statute of limitations is calculated from the date petitioner's judgment of conviction became final.

**B.  Finality of Judgment of Conviction**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment of conviction becomes final at one of two distinct points, *i.e.*, "by the conclusion of direct review or the expiration of the time for seeking such review." Direct review encompasses a petition for writ of certiorari filed with the Supreme Court, *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir.), and ends "when the Supreme Court either rejects the petition for certiorari or rules on its merits", *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). When a "conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" *Id.* The time for seeking direct review "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Id.* However, when the appeal process stops "before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* "A defendant who still has the right to file a PDR is considered to be in the midst of the direct review process." *Salinas v. Dretke*, 354 F.3d 425, 429 (5th Cir. 2004).

9

In this case, the appeal process stopped before it reached the state court of last resort. Consequently, petitioner's judgment of conviction became final when the time for seeking such review expired. Because petitioner appealed his conviction but filed no PDR, respondent argues that the judgment of conviction became final for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court denied petitioner's motion for rehearing. (*See* Prelim. Resp. at 2-3.) Petitioner, on the other hand, suggests that his conviction did not become final until his right to seek an extension of time to file a PDR pursuant to TEX. R. APP. P. 4.5 expired. (*See* Pet. for Stay at 5; Reply at 4.)

No court has addressed the effect of TEX. R. APP. P. 4.5 on the federal limitations period for § 2254 actions. Because Rule 4.5 appears to provide a means to extend the time for pursuing direct review, the Court considers by analogy the cases addressing the effect of TEX. R. APP. P. 68.2(c) on the limitations period. Rule 68.2(c) provides a fifteen-day period during which a defendant may seek an extension of time to file a petition for discretionary review.

In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), the Fifth Circuit recognized that when the petitioner has timely filed a motion for extension of time to file a PDR, Rule 68.2(c) could extend the right to direct review. *Id.* at 431. The court stated: "Beyond that, a petitioner has no right to seek relief directly from the Court of Criminal Appeals; instead, all relief must be requested through collateral proceedings." *Id.* This statement seems to indicate that the right to seek direct review from the Court of Criminal Appeals is limited to timely filing a PDR in accordance with TEX. R. APP. P. 68.2(a) or timely filing a motion for extension of time under TEX. R. APP. P. 68.2(c).

10

Courts in this district have also recognized that a granted extension of time under Rule 68.2(c) extends the time for seeking further direct review. *See Howington v. Dretke*, No. 3:03-CV-0052-P, 2005 WL 1124518, at *7 (N.D. Tex. May 10, 2005) (recommendation pending acceptance by District Court); *Valdez v. Dretke*, No. 3:02-CV-1755-L, 2004 WL 2847829, at *2 (N.D. Tex. Dec. 9, 2004) (recommendation), *accepted by* 2005 WL 177844 (N.D. Tex. Jan. 26, 2005); *Diaz v. Dretke*, No. 5:03-CV-236-C, 2004 WL 691213, at *4 (N.D. Tex. Mar. 31, 2004) (order of District Court); *Hogue v. Dretke*, No. 3:04-CV-0716-K, 2004 WL 330591, at *2 (N.D. Tex. Feb. 23, 2004) (recommendation), *accepted by* 2004 WL 1179326 (N.D. Tex. Mar. 26, 2004). In *Howington*, the Court specifically stated that "[w]hen the petitioner has obtained an extension of time to file a petition for discretionary review, such extension necessarily extends the time for seeking further direct review and thus delays the finality of the judgment of conviction under 28 U.S.C. § 2244(d)(1)(A) at least until the expiration of the deadline for filing the petition for discretionary review." 2005 WL 1124518, at *7.

In this instance, petitioner filed no timely motion for extension of time. Instead, he untimely sought an extension based upon a lack of notice regarding the denial of his motion for rehearing. (*See* Reply at 4; Mot. Extension Time at 1-2.) An untimely request for extension of time under Rule 68.2(c) does not extend the time for seeking direct review. *See Salinas*, 354 F.3d at 431 (indicating that a timely request for extension of time is necessary to extend the time for seeking direct review); *Diaz*, 2004 WL 691213, at *4 (same). Because an untimely motion for extension of time under Rule 68.2(c) does not extend the time for seeking further direct review, the Court also finds that an untimely motion for extension of time under Rule 4.5 likewise does not extend the time for seeking

11

further direct review.  Accordingly, petitioner's judgment of conviction became final on September 25, 2002, thirty days after the court of appeals denied his motion for rehearing and petitioner failed to file a PDR.

In summary, petitioner relies upon no newly discovered factual predicate or newly recognized constitutional right and has shown no State-created impediment which prevented the filing of the instant federal petition.  The Court thus calculates his one-year statutory period for filing his petition from the date his conviction became final on September 25, 2002.  A literal application of § 2244(d)(1) thus renders his April 26, 2004 petition untimely.

### IV.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts.  *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).  If statutory tolling under § 2244(d)(2) does not save the instant petition from its apparent untimeliness, principles of equitable tolling may do so in appropriate circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (recognizing that one-year limitations period may be subject to equitable tolling).

**A.  Statutory Tolling**

When petitioner filed his state application for writ of habeas corpus on September 11, 2003, 351 days had passed since his judgment of conviction became final on September 25, 2002.  The filing of that application, nevertheless, tolled the limitations period until the Texas Court of Criminal Appeals denied the application on February 25, 2004.  Unless petitioner is entitled to further statutory tolling based upon the motion for reconsideration he submitted to the Texas Court of Criminal Appeals, the limitations clock began to run again on February 26, 2004.

In this instance, it is undisputed that the Texas Court of Criminal Appeals did not file petitioner's motion to reconsider, which it received on March 19, 2004.  (*See* Prelim. Resp. at 5-6; Reply at 5.)  TEX. R. APP. P. 79.2(d) [formerly Rule 213] provides that such a motion may not be filed.  Because the Texas Court of Criminal Appeals did not file the motion submitted to it, the motion is not considered "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and thus does not statutorily toll the limitations period.  Consequently, the limitations clock began to run again on February 26, 2004, and the remaining fourteen days expired before petitioner filed his federal petition in April 2004.

The Court notes that the Texas Court of Criminal Appeals has filed motions to consider notwithstanding Rule 79.2(d), and in those instances, the Fifth Circuit has held that the motion would have tolled the limitations period from the denial of the state application until the court resolved the motion.  *See Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (recognizing that a filed motion for reconsideration may statutorily toll the limitations period notwithstanding TEX. R. APP. P. 79.2(d)); *Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002) (recognizing that, if

13

such a motion for reconsideration is filed, it will toll the limitations period from the date of the denial of the state habeas application – in other words, "the clock should not start running again between the date of the state trial court's disposition of a state habeas petition and the . . . filing [of the motion for rehearing or reconsideration]"). However, the motion must have been filed before the expiration of the one-year period of limitations to qualify for such tolling. *See Gordon v. Dretke*, 107 Fed. App'x 404, 406 (5th Cir. 2004) (distinguishing *Emerson* and holding that a motion for reconsideration filed "after the one-year period had expired" does not statutorily toll the limitations period). When the Texas Court of Criminal Appeals received petitioner's motion on March 19, 2004, the one-year period of limitations had already expired. Thus, the motion would not have statutorily tolled the limitations even had the Texas Court of Criminal Appeals filed petitioner's submitted motion.

For all of these reasons, the statutory tolling provision does not save the federal petition from being untimely. His federal filing should therefore be deemed untimely in the absence of equitable tolling.

**B. Equitable Tolling**

In his reply brief, petitioner asserts that the instant federal petition is not time-barred, and he urges the Court to equitably toll the limitations period. (Reply at 1-10.) He alleges that he did not receive a copy of the order denying his request for rehearing in time to file a PDR. (*Id.* at 2-3.) He also argues that he has diligently pursued relief under 28 U.S.C. § 2254. (*Id.* at 5-10.)

In "rare and exceptional circumstances", the federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equit-

14

able tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).

### 1. *Delayed Notice*

Petitioner argues that the failure of the State to timely provide notice of the denial of his motion for rehearing provides sufficient reason to equitably toll the limitations period. (*See* Reply at 2-3.)

In some circumstances, delayed notice of a court ruling warrants equitably tolling the limitations period. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on partial reh'g on other grounds*, 223 F.3d 797 (5th Cir. 2000). In *Phillips*, however, a four-month delay completely foreclosed the timely filing of a federal petition pursuant to 28 U.S.C. § 2254 because the delay occurred upon the denial of a state petition for writ of habeas corpus that had statutorily tolled the limitations

period while the state petition remained pending. *See id.* The delay in the instant action did not consume all the time remaining in the limitations period, however. In fact, some of the delay occurred before the limitations period even commenced.

In December 2002, when petitioner learned that the court of appeals had issued the mandate in his case and thus necessarily denied his motion for rehearing, he had more than nine months remaining on the federal limitations period. On December 23, 2002, when the Texas Court of Criminal Appeals denied his motion for extension of time to file a PDR, nine months still remained on the federal limitations period. Although the delay shortened the time that petitioner had to file a federal petition under § 2254, it did not prevent him in some extraordinary way from asserting his rights. It did not make it impossible for him to timely file his federal petition.

In addition, although petitioner contends otherwise, this is not a case where the State actively misled petitioner about his cause of action. On August 22, 2002, the court of appeals accurately informed petitioner that his motion for rehearing remained pending. That for unknown reasons petitioner failed to receive timely notice of the August 26, 2002 denial of that motion does not exhibit active misleading by the State.

For these reasons, the Court finds no equitable tolling warranted for the alleged delay in providing petitioner notice that his motion for rehearing had been denied.

### 2. *Diligence*

Petitioner contends that equitable tolling is warranted because he has acted with due diligence in pursuing his state remedies and in filing the instant federal petition. (Reply at 6-10.)

16

Although a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief", *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), a showing of diligence does not of itself entitle a petitioner to equitable tolling. To warrant equitable tolling, a petitioner must show extraordinary circumstances beyond his control that made it impossible to file his petition on time. *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has not made that showing.

With respect to the time period between receiving notice of the denial of his motion for rehearing and the filing of his state application for writ of habeas corpus, petitioner sets forth numerous instances of seeking and obtaining documents to support the claims raised in his state application. (*See* Reply at 6-10 (setting forth several instances and referring to many others within the state habeas record).) However, as aptly stated in a letter to the state judge handling his habeas application, petitioner has merely shown that he chose to take the time and effort to "extensively and persistently" gather information to support the claims raised in his state application. *See* S.H. Tr. at 326. Petitioner chose to file a state petition with a forty-page brief in support and 276 pages of exhibits. *See id.* at 2-328. Such choice was entirely within his control and presents no extraordinary circumstances that made it impossible to file his petition on time. In fact, petitioner filed his state application with fourteen days remaining on the federal limitations period.

Petitioner has shown that he acted with diligence in pursuing his state remedies. However, pursuing state remedies does not rise to the level of extraordinary circumstances that warrant tolling. All state prisoners must exhaust their state remedies before proceeding to federal court. The drafters of the AEDPA saw the potential conflict between exhaustion and a one-year statute of limitations.

Accordingly, they enacted 28 U.S.C. § 2244(d)(2) which specifically excludes from the one-year period "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."

With respect to the time period between the denial of his state application and the filing of his federal petition for writ of habeas corpus, petitioner argues that he acted diligently to pursue reconsideration of that denial, and after he received the April 9, 2004 letter from the Texas Court of Criminal Appeals, which failed to mention his motion for reconsideration, he "expediently and diligently filed a skeletal federal habeas petition along with his Petition for Stay." (Reply at 9.) Petitioner's actions exhibit a choice to pursue his motion to reconsider rather than immediately file his federal petition. Had he placed his skeletal federal petition in the prison mail system on March 5, 2004, rather than his motion to reconsider, such petition would have been timely filed. The choice to pursue reconsideration was entirely within petitioner's control and presents no extraordinary circumstances that made it impossible to file his petition on time.

Although petitioner had no control over whether the Texas Court of Criminal Appeals filed his motion for reconsideration, TEX. R. APP. P. 79.2(d) specifically provides that petitioners may not file such motions. The failure of that court to file the submitted motion thus does not rise to the level of an extraordinary circumstance. In view of Rule 79.2(d), it should be expected that such a motion will not be accepted for filing by the Texas Court of Criminal Appeals. That the Fifth Circuit allows for statutory tolling in those instances when the Texas Court of Criminal Appeals accepts and files such a motion within the one-year period of limitations, *see Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001); *Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002); *Gordon v.*

18

*Dretke*, 107 Fed. App'x 404, 406 (5th Cir. 2004), does not make it an extraordinary circumstance when the Texas Court of Criminal Appeals declines to file a motion explicitly prohibited from filing by Rule 79.2(d). In this instance, furthermore, the Texas Court of Criminal Appeals received the motion for reconsideration after the federal limitations period expired. Thus, even had the court filed that motion, petitioner would have received no further statutory tolling. *See Gordon*, 107 Fed. App'x at 406.

While petitioner could perhaps argue that he lacked knowledge of Rule 79.2(d) when he submitted his motion for reconsideration, (*see* Mot. Reconsideration (On the Court's Own Motion) at 1-11 (showing no mention of Rule 79.2), ignorance of the law does not warrant equitable tolling, *see Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

For these reasons, the Court finds no equitable tolling warranted despite the alleged diligent efforts of petitioner. Diligence alone does not warrant equitable tolling. One must exercise diligence within the confines of the ever-present, one-year statute of limitations. Although petitioner diligently pursued reconsideration with the Texas Court of Criminal Appeals after the denial of his state petition, he failed to take the necessary steps to timely file the instant federal action. Despite the alleged four-month delay in receiving notice of the denial of his motion for rehearing, the timeliness of the instant petition was fully in petitioner's control, and he filed it out of time. He filed his state application for writ of habeas corpus with fourteen days left in his limitations period. He provides no adequate basis for equitably tolling the limitations period. He has not shown that he was actively misled about his state filings. He has not shown that he was prevented in some extraordinary way from asserting his rights. He has not shown that something outside of his control prevented him

19

from timely filing the instant petition. Because petitioner has shown no basis to equitably toll the limitations period, the April 26, 2004 filing falls outside the statutory period and should be deemed untimely.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.  For the reasons stated herein, it is further recommended that the Court **DENY** petitioner's motions for leave to file a motion for summary judgment (docs. 15 and 17) and **DEEM MOOT** the petition for stay (doc. 2).

**SIGNED this 30th day of November, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE